CAMPBELL SOUP COMPANY, et al. *v.* DUSEK

No. 42069          December 18, 1961          135 So. 2d 414

*Alexander & Herring,* Jackson, for appellant.

*Crawley & Ford,* Kosciusko, for appellee.

452

GILLESPIE, J.

This suit began by attachment in chancery for the recovery of damages for personal injuries sustained by appellee. The chancery court gave judgment for $1,000 and defendant appealed.

Appellee averred that she purchased a can of Campbell's Chicken Gumbo Soup and prepared it for a meal, and that when she was eating it, took into her mouth a small piece of metal of the kind used in making the can which contained the soup. The suit is grounded on breach of implied warranty.

Stated in the light most favorable to appellee, the facts are as follows. After preparing the soup in a container that had been washed she placed it in a clean bowl and began consuming the soup. She testified as follows: "I just ate the soup. The first spoon I had, I broke a piece of bread and eat it, and then another one, and the next one, it (the piece of metal) caught in my throat." She coughed and expelled the piece of metal and it scratched her tongue.

Appellant contends that the judgment is based on conjecture and speculation in that the piece of metal could have been in the bread appellee was eating, or could have gotten into her mouth from other sources. This contention is vigorously argued at length and the Court has given careful consideration to this question. Appellee testified that the piece of metal was in the soup and she was in a position to know whether it was in the soup or in the bread. From her statement, the trier of fact was justified in finding that appellee ate a piece of bread with the first spoonful of soup, and that she took two more spoons of soup without bread, and that it was the last spoonful of soup that contained the piece of metal. We are of the opinion that whether the piece of metal came from the can of soup was a question for the chancellor and that his finding in that regard is not manifestly wrong.

Appellant next contends that the amount awarded appellee is excessive. We are of the opinion that this assignment is well taken. The evidence does not justify an award of $1,000, and, therefore, that part of the decree is manifestly wrong.

The injury consisted of a scratch on appellee's tongue. The tongue was not punctured and there was no infection. Appellee testified that she could not wear her dentures for about two weeks and her tongue was sore for quiet some time. She went to her doctor five times, and his charges were $25.00. She was told by the doctor

to return once, and the other visits were voluntary on her part. Her doctor testified there was no permanent disability; that the injury was not serious; and from a medical standpoint was no more dangerous than a scratch on the hand or finger. He also stated that the injury was not serious enough to affect her general health. We are of the opinion, therefore, that in view of the minor nature of the injury, the amount awarded by the chancellor is manifestly excessive.

The cause is reversed for a new trial on the question of damages only unless appellee enters a remittitur of $400.00, thereby reducing the judgment to $600.00, within fifteen days from this date. If the remittitur is entered, the judgment will be affirmed.

Affirmed with Remittur.

*Lee, P. J.,* and *Kyle, Arrington* and *Ethridge, JJ.,* concur.